**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STEVEN LANTINI | : | |
| | : | |
| vs. | : | C.A. No. 05-059ML |
| | : | |
| BIG DOG MOTORCYCLE, LLC | : | |

**MOTION TO AMEND AND REMAND TO STATE COURT.**

Now comes the Plaintiff, Steven Lantini, and moves this Honorable Court for permission to amend his complaint and to remand the matter to state court. A copy of the proposed amended complaint is attached hereto. A memorandum of law is submitted in support of this motion that sets forth the basis for the Plaintiff's request.

Respectfully submitted,
Plaintiff Steven Lantini,
By his attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)

**CERTIFICATION**

I hereby certify that I have mailed a true and accurate copy of the above to the following on this 24 day of August 2005.

Ronald L. Bonin, Esq.,
Moretti & Perlow Law Offices
1070 Reservoir Avenue
Cranston, RI 02910

Paul V. Reynolds, Esq.,
Reynolds, DeMarco & Boland, LTD
170 Westminister Street, Suite 200
Providence, RI 02903

**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STEVEN LANTINI | : | |
| | : | |
| vs. | : | C.A. No. 05-059ML |
| | : | |
| BIG DOG MOTORCYCLE, LLC | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE COMPLAINT.**

## I. FACTS:

On July 13, 2003 the Plaintiff was injured when he was operating a motorcycle manufactured by the Defendant and a metal bolt from the motorcycle came free from its mount and shot up and struck the Plaintiff. Suit was filed in Rhode Island Superior Court on or about January 18, 2005. On February 14, 2005, this action was removed by the Defendant to the United States District Court for the State of Rhode Island.

On May 17, 2005, during discovery, the Defendant produced documents that placed the Plaintiff on notice that the Defendant would allege that Wayne's Bigdog Motorcycle Center, Inc., Cycle Performance and Sales, Inc., of Woonsocket, RI, A. Dorazio Service, Inc., d/b/a Dorazio Custom Cycle, Scott Hymen, d/b/a/ XXX-Treme Cycles, of Middleboro Massachusetts or a John Doe defendant,[1] who additionally performed work on the cycle or otherwise made defective parts that were installed on the cycle were liable to the Plaintiff because they either did work to the cycle or made the faulty parts installed on the cycle which caused the bolt to come loose.

---

[1] The Plaintiff is adding a John Doe defendant not because the Defendant has stated there is a potential claim against an unknown party, but as it is entirely possible that an unknown manufacturer manufactured a defective part that was on the cycle which broke leading up to the Plaintiff's injuries, or that someone who is unidentified otherwise did work on the cycle that caused the bracket to break and/or the bolt to come loose.

Shortly thereafter, on June 27, 2005, Plaintiff and his counsel had a break down in communication and a motion to withdraw was thereafter filed by Plaintiff's former counsel. Current counsel was retained as of August 24, 2005. This motion is filed immediately thereafter.

## II LAW AND ARGUMENT:

Plaintiff seeks to add Wayne's Bigdog Motorcycle Center, Inc., Cycle Performance and Sales, LLD, A. Dorazio Service, Inc., Scott Hyman and a John Doe defendant to his complaint. In doing so, Plaintiff is attempting to bring in parties that the Defendant claims are or maybe liable to the Plaintiff for the damages he has incurred based on the fact that they installed a faulty part on the motorcycle or installed a good part on the bike in a manner that caused it to fail. Based on the Defendant's arguments, these parties are indispensible to the action in as much as the Plaintiff may not be able to receive a full remedy for his damages unless they are added to this action.

Motions to amend for the sole purpose of adding new parties when they will destroy diversity jurisdiction are rightfully to be scanned not under the general guidelines of Rule 15, but under the case-specific joinder provisions of Fed.R.Civ.P. 19. Thorp v. Petrola, 81 F.R.D. 513, 515 (D.W.Va.1979) (whenever addition of party through Rule 15 will offset subject matter jurisdiction, then Rules 19-21 control); Gordon v. Lipoff, 320 F.Supp. 905, 922-23 (W.D.Mo.1970) (parties may not be added merely by compliance with Rule 15(a); strictures of specific joinder rules must be observed); Pacific Gas & Electric Co. v. Fibreboard Products, Inc., 116 F.Supp. 377, 382-83 (N.D.Cal.1953) (Rule 21, rather than Rule 15, controls where a party is

to be added; conflicts or ambiguities in the Federal Rules "must be resolved in favor of the specific and against the general"). Cf. Montgomery v. Rumsfeld, 572 F.2d 250, 255 (9th Cir.1978) (joinder of additional plaintiffs, though cast in the garb of a motion to amend the complaint, was tantamount to intervention on the facts of the case, and was therefore governed by specific "standards of review corresponding to Rule 24").[2]

As the addition of Wayne's Bigdog Motorcycle Center, Inc., Cycle Performance and Sales, LLC and A. Dorazio Service, Inc., would destroy the subject matter jurisdiction of this court, Rule 24 (b) governs the determination of whether joinder is feasible. It provides:

> If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Rule 24(b).

According the Plaintiff will assess the four prongs stated by the rule, all of which the Plaintiff contends dictate that the joinder of these defendants should be allowed .

A. The extent to which a judgment entered in the absence of the defendants to be added might be prejudicial to those parties already in the action.

If the Defendants to be added are not made a part of the action, clear prejudice would exist to the Plaintiff. If indeed the Defendant can prove that these unnamed defendant's are

---

[2]Rule 19 (a) of the Federal Rules of Civil Procedure provides that:
"(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter . . . ." As subject matter jurisdiction would be eliminated because of a lack of complete diversity of citizenship, Rule 19(b) governs this action.

liable to the Plaintiff, then the Plaintiff would, at best, be required to then file another action in state court against these additional defendants and litigate two cases involving the same facts. The cost of such a scenario would make it prohibitive in this instance given the substantial cost that will be incurred with proceeding with this action in Federal Court. The cost of depositions, expert witnesses and the like cannot be underrated.

Second, it is possible that a jury in Federal Court might find the unnamed defendants liable to the Plaintiff and the State Court Jury find the Defendant named in this action liable to the Plaintiff, without either assessing any portion of liability on the Plaintiff. In that circumstance, the Plaintiff, although not liable, would not recover any sums for his injuries.

Third, there is probable prejudice to the Defendant who is already in this action. In as much as the Plaintiff might prove that the named Defendant is liable to him for a percentage of his damages, if the Plaintiff filed a second action in State Court against the additional Defendants he seeks to add, these additional defendant's might assert a claim against the current defendant based on its manufacture and design of the parts and motorcycle. This might required the Defendant who is currently litigating this matter to litigate it a second time in state court. At the very least, it can be assumed that additional discovery in any state court action would involve the currently named defendant as the events leading up to the mishap are the same and the end result of the injuries to the Plaintiff is the same.

B. The extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided.

There are no measures that could be added to a judgment or relief granted by this Court that would lessen the prejudice stated under the first prong of the analysis to the Parties.

C. Whether a judgment rendered in the person's absence will be adequate.

While it is possible, that a jury could find the Defendant who is in the action solely liable to him or that the Defendant named in this action is not at all liable to the Plaintiff, it seems more likely that the parties whom plaintiff seeks to add to the complaint might also share some percentage of liability to the Plaintiff. As the Defendant states and the records produced to the plaintiff indicate, these entities and shops did work in the area of the Plaintiff's bike where the bracket was located and might have incurred a duty based on the work they did on the bike, their inspection of the bike, their selection of parts for the bike and the parts that they placed in that area of the bike.

In this event, the Plaintiff, in a separate action, in state court, would be required to try the case again, with all of the defendants, except the one named in this action, and attempt to get a judgment against the new defendants for the remainder of his claim. That being the case, it is difficult to see how a judgment could be rendered in the absence of the Defendants that the Plaintiff seeks to add that would totally resolve the issues of both of the parties currently in the action.

D. Whether the Plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

In this instance, another forum is available for the plaintiff to pursue his rights. The state tribunal is, in fact, a superior forum to the United States District Court in the sense that all of the parties who should be joined, can be joined in one action in State Court. "What is more, the fourth fulculum of the Rule 19(b) paradigm is designed to prevent hardship to the plaintiffs." Trombino v. Transit Cas. Co., 110 F.R.D. 139, 146 (D.R.I.,1986.) (Citing Advisory Committee

Note to Rule 19, 39 F.R.D. 89, 93 (1966)).

Indeed, Plaintiff knows that by adding these defendants, this court will no longer have subject matter jurisdiction. On this prong of the test, the court should accept the plaintiff's assessment of the sufficiency of his remedies should the joinder be allowed. Trombino, 110 F.R.D. at 146.

## III. THE MATTER SHOULD BE REMANDED TO STATE COURT AND NOT DISMISSED.

In Trombino v. Transit Cas. Co., 110 F.R.D. 139, 150 (D.R.I.,1986), the District Court of Rhode Island faced with a similar situation where Rule 19(b) mandated dismissal of the action because non diverse parties were added, the Court opined that: "Inasmuch as this is a removed action, however, the court further holds that the case need not be dismissed. Notwithstanding the rather austere language of Rule 19(b), the court has the power to do equity among these combatants. No useful purpose would be served by forcing these plaintiffs to retrace their steps to square one. The course of fundamental fairness and essential justice, given the present predicament, is to return this case to the state tribunal from whence it emanated. And, Rule 19(b), together with 28 U.S.C. 1447(c), permits that road to be traveled." Based on this reasoning, Plaintiff ask that his motion to amend be granted and the matter remanded to state court.

## IV. CONCLUSION

Wherefore Plaintiff prays that his motion to amend be granted and that this matter be remanded to the Superior Court for the State of Rhode Island.

Respectfully submitted,
Plaintiff Steven Lantini,
By his attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)

## CERTIFICATION.

I hereby certify that I have mailed a true and accurate copy of the above to the following on this 24 day of August 2005.

Ronald L. Bonin, Esq.,
Moretti & Perlow Law Offices
1070 Reservoir Avenue
Cranston, RI 02910

Paul V. Reynolds, Esq.,
Reynolds, DeMarco & Boland, LTD
170 Westminister Street, Suite 200
Providence, RI 02903