UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SCANNED

STEVEN LANTINI

vs. C.A. No. 05-059ML

BIG DOG MOTORCYCLE, LLC; CYCLE PERFORMANCE AND SALES, LLC, d/b/a/ CYCLE PERFORMANCE OF WOONSOCKET; A. DORAZIO SERVICE, INC., d/b/a/ DORAZIO CUSTOM CYCLE; SCOTT HYMEN, d/b/a, XXX-TREME CYCLES; WAYNE'S BIGDOG MOTORCYCLE CENTER, INC., and JOHN DOE

## FIRST AMENDED COMPLAINT.

## JURISDICTION

1. Your Plaintiff, Steven Lantini, is a resident of the City of North Providence, County of Providence, State of Rhode Island.

2. Your Defendant, Big Dog Motorcycle, LLC, is a limited Liability corporation of the State of Kansas, and,conducting business operations in the State-of Rhode Island.

3. Upon information and belief, your Defendant, Cycle Performance and Sales, LLC, D/B/A Cycle Performance of Woonsocket, is a Rhode Island LLC whose primary place of business is located at 208 Bernon Street, Woonsocket.

4. Upon information and belief, your Defendant, A.Dorazio Service, Inc., D/B/A Dorazio Custom Cycle, is a Rhode Island Corporation whose primary place of business is located at 239 Putnam Pike, Johnston, Rhode Island.

5. Upon information and belief, your Defendant Scott Hyman, D/B/A XXX-Treme Cycles, is a resident of the State of Massachusetts.

6. Upon information and belief, your defendant, Wayne's Bigdog Motorcycle Center, Inc., was a Rhode Island Corporation at all times relevant hereto whose primary place of business was located at 148 Atwood Avenue, Cranston, Rhode Island.

7. Said John Doe defendant is of unknown residency and may be a person, corporation, or other legal entity.

## COUNT I.

8. The allegations set forth in Paragraphs one through seven of the amended complaint are hereby realleged and incorporated by reference.

9. On or about July 13, 2003, Plaintiff, Steven Lantini, was operating a Big Dog Motorcycle on Route 495, at approximately 4:00 p.m., in the State of Massachusetts.

10. On the aforementioned date, Plaintiff did suffer multiple injuries when he was hit by a bolt from the Big Dog Motorcycle, which was part of a bracket attached to the Motorcycle.

11. The entity. responsible for the manufacture and construction of the abovementioned motorcycle, Big Dog Motorcycle, LLC, manufactured and constructed said motorcycle in a defective condition, which was unreasonably dangerous to Plaintiff, Steven Lantini.

12. Plaintiff's injuries as a result of the incident were a direct and proximate result of Defendant, Big Dog Motorcycle LLC'S, manufacturing of said motorcycle in a defective condition which was unreasonably dangerous to the Plaintiff.

13. As a result of Defendant's manufacturing and constructing said motorcycle in an unreasonably dangerous condition, Plaintiff, Steven Lantini, did suffer severe personal injuries, was unable to conduct his regular activities, was compelled to expend a great sum of time and money for hospitaL and medical treatment, and has otherwise been greatly injured and damnified.

**WHEREFORE,** Plaintiff, Steven Lantini, demands judgment against the Defendant, Big Dog Motorcycle, LLC, in an amount sufficient to compensate him for his damages, plus interest and costs. The said amount is sufficient to establish the jurisdiction of this Honorable Court.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Plaintiff Steven Lantini,
By his attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)

**COUNT II.**

14. Plaintiff hereby realleges paragraphs one through thirteen of the complaint as if set forth in full.

15. On or about July 13, 2003, Plaintiff, Steven Lantini, was operating a Big Dog Motorcycle on Route 495, at approximately 4:00 p.m., in the State of Massachusetts.

16. On the aforementioned date, Plaintiff, Steven Lantini, suffered an injury when he was hit by a bolt from the Big Dog Motorcycle, which was part of a bracket attached to the motorcycle.

17. The entity responsible for the manufacture and construction of the above mentioned motorcycle, Defendant, Big Dog Motorcycle, LLC, negligently manufactured and constructed said motorcycle.

18. Plaintiff, Steven Lantini's injuries, as a result of the incident in question, were a direct and proximate result of Defendant, Big Dog Motorcycle, LLC'S, negligent manufacture and construction of said motorcycle.

19. As a result of Defendant's negligent manufacture and construction of said motorcycle Plaintiff, Steven Lantini, did suffer severe personal injuries, was unable to conduct his regular activities, was compelled to expend a great sum of time and money for hospital and medical treatment, and has otherwise been greatly injured and damnified.

**WHEREFORE,** Plaintiff, Steven Lantini, demands judgment against the Defendant, Big Dog Motorcycle LLC, in an amount sufficient to compensate him for his damages, plus interest and costs. The said amount is sufficient to establish the jurisdiction of this Honorable Court.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Plaintiff Steven Lantini,
By his attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)

**COUNT III.**

20. Plaintiff hereby realleges paragraphs one through nineteen of the Complaint as if set forth in full.

21. On or about July 13, 2003, Plaintiff, Steven Lantini, was operating a Big Dog Motorcycle on Route 495, at approximately 4:00 p.m., in the State of Massachusetts.

22. On the aforementioned date, Plaintiff, Steven Lantini, suffered an injury when he was hit by a bolt from the Big Dog Motorcycle, which was part of a bracket attached to the motorcycle.

23. The entity responsible for the manufacture and construction of the abovementioned motorcycle, Defendant, Big Dog Motorcycle, LLC, negligently breached its implied warranty of merchantability of said motorcycle.

24. Plaintiff, Steven Lantini's injuries, as a result of the incident in question, were a direct and proximate result of Defendant, Big Dog Motorcycle, LLC'S, breach of its implied warranty of merchantability of said motorcycle.

25. As a result of Defendant's breach of its implied warranty of merchantability of said motorcycle Plaintiff, Steven Lantini, did suffer severe personal injuries, was unable to conduct his regular activities, was compelled to expend a great sum of time and money for hospital and medical treatment, and has otherwise been greatly injured and damnified.

**WHEREFORE,** Plaintiff, Steven Lantini, demands judgment against the Defendant, Big Dog Motorcycle, LLC, in an amount sufficient to compensate him for his damages, plus interest and costs. The said amount is sufficient to establish the jurisdiction of this Honorable Court.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Plaintiff Steven Lantini,
By his attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)

**COUNT IV.**

26. Plaintiff hereby realleges counts one through twenty five of the complaint as if set forth in full.

27. During its normal course of business Defendant Cycle Performance and Sales, LLC (hereinafter Cycle Performance) made repair to said motorcycle operated by the Plaintiff and/or its component part(s).

28. Defendant Cycle Performance knew or should have known the purposes for which the motorcycle and /or its component part(s) was intended.

29. On or about July 13, 2003, Plaintiff, Steven Lantini, was operating a Big Dog Motorcycle on Route 495, at approximately 4:00 p.m., in the State of Massachusetts.

30. On the aforementioned date, Plaintiff, Steven Lantini, suffered an injury when he was hit by a bolt from the Big Dog Motorcycle, which was part of a bracket attached to the motorcycle.

31. At all times referred to herein, Plaintiff was in the exercise of due care.

32. Plaintiff's aforesaid injuries were the direct and proximate result of the negligence of Defendant Cycle Performance which consisted of its failure to use due care in the assembly, maintenance, testing, inspection, installation, and/or repair of said motorcycle and/or its component part(s) so that said motorcycle did not comply with existing recognized standards for safe use.

33. Said Defendant is liable for the acts and omissions of its agents, servants and/or employees.

34. As a result of Defendant's aforementioned negligence Plaintiff, Steven Lantini, did suffer severe personal injuries, was unable to conduct his regular activities, was compelled to expend a great sum of time and money for hospital and medical treatment, and has otherwise been greatly injured and damnified.

**WHEREFORE,** Plaintiff, Steven Lantini, demands judgment against the Defendant, Cycle Performance and Sales, LLC, in an amount sufficient to compensate him for his damages, plus interest and costs. The said amount is sufficient to establish the jurisdiction of this Honorable Court.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Plaintiff Steven Lantini,
By his attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

______________________________
Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)

**COUNT V.**

35. Plaintiff hereby realleges counts one through thirty four of the complaint as if set forth in full.

36. During its normal course of business Defendant A. Dorazio Service, Inc., (hereinafter Dorazio Custom Cycle) made repair to said motorcycle operated by the Plaintiff and/or its component part(s).

37. Defendant Dorazio Custom Cycle knew or should have known the purposes for which the motorcycle and /or its component part(s) was intended.

38. On or about July 13, 2003, Plaintiff, Steven Lantini, was operating a Big Dog Motorcycle on Route 495, at approximately 4:00 p.m., in the State of Massachusetts.

39. On the aforementioned date, Plaintiff, Steven Lantini, suffered an injury when he was hit by a bolt from the Big Dog Motorcycle, which was part of a bracket attached to the motorcycle.

40. At all times referred to herein, Plaintiff was in the exercise of due care.

41. Plaintiff's aforesaid injuries were the direct and proximate result of the negligence of Defendant Dorazio Custom Cycle's which consisted of its failure to use due care in the assembly, maintenance, testing, inspection, installation, and/or repair of said motorcycle and/or its component part(s) so that said motorcycle did not comply with existing recognized standards for safe use.

42. Said Defendant is liable for the acts and omissions of its agents, servants and/or employees.

43. As a result of the aforementioned negligence of said Dorazio Custom Cycle, Plaintiff, Steven Lantini, did suffer severe personal injuries, was unable to conduct his regular activities, was compelled to expend a great sum of time and money for hospital and medical treatment, and has otherwise been greatly injured and damnified.

**WHEREFORE,** Plaintiff, Steven Lantini, demands judgment against the Defendant, A. Dorazio Service, Inc, in an amount sufficient to compensate him for his damages, plus interest and costs. The said amount is sufficient to establish the jurisdiction of this Honorable Court.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Plaintiff Steven Lantini,
By his attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)

**COUNT VI.**

44. Plaintiff hereby realleges counts one through forty-three of the complaint as if set forth in full.

45. During its normal course of business Defendant Scott Hyman, D/B/A, XXX-Treme Cycles (hereinafter Defendant Hyman) made repair to said motorcycle operated by the Plaintiff and/or its component part(s) either himself or through his employees, agents, or servants.

46. Defendant Hyman, individually, or through his agents, servants, or employees knew or should have known the purposes for which the motorcycle and /or its component part(s) was intended.

47. On or about July 13, 2003, Plaintiff, Steven Lantini, was operating a Big Dog Motorcycle on Route 495, at approximately 4:00 p.m., in the State of Massachusetts.

48. On the aforementioned date, Plaintiff, Steven Lantini, suffered an injury when he was hit by a bolt from the Big Dog Motorcycle, which was part of a bracket attached to the motorcycle.

49. At all times referred to herein, Plaintiff was in the exercise of due care.

50. Plaintiff's aforesaid injuries were the direct and proximate result of the negligence of Defendant Hyman, or his agents, servants or employees in his failure to use due care in the assembly, maintenance, testing, inspection, installation, and/or repair of said motorcycle and/or its component part(s) so that said motorcycle did not comply with existing recognized standards for safe use.

51. Said Defendant is liable for the acts and omissions of its agents, servants and/or employees.

52. As a result of Defendant's aforementioned negligence, Plaintiff, Steven Lantini, did suffer severe personal injuries, was unable to conduct his regular activities, was compelled to expend a great sum of time and money for hospital and medical treatment, and has otherwise been greatly injured and damnified.

**WHEREFORE,** Plaintiff, Steven Lantini, demands judgment against the Defendant, Scott Hyman, in an amount sufficient to compensate him for his damages, plus interest and costs. The said amount is sufficient to establish the jurisdiction of this Honorable Court.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Plaintiff Steven Lantini,
By his attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

_______________________________

Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)

## COUNT VII.

53. Plaintiff hereby realleges counts one through fifty two of the complaint as if set forth in full.

54. During its normal course of business Defendant Wayne's Bigdog Motorcycle Center, Inc. sold to the Plaintiff and made repairs to said motorcycle operated by the Plaintiff and/or its component part(s) either himself or through his employees, agents, or servants.

55. Defendant Wayne's Bigdog Motorcycle Center, Inc., knew or should have known the purposes for which the motorcycle and /or its component part(s) was intended.

56. On or about July 13, 2003, Plaintiff, Steven Lantini, was operating a Big Dog Motorcycle on Route 495, at approximately 4:00 p.m., in the State of Massachusetts.

57. On the aforementioned date, Plaintiff, Steven Lantini, suffered an injury when he was hit by a bolt from the Big Dog Motorcycle, which was part of a bracket attached to the motorcycle.

58. At all times referred to herein, Plaintiff was in the exercise of due care.

59. Plaintiff's aforesaid injuries were the direct and proximate result of the negligence of Defendant Wayne's Bigdog Motorcycle Center, Inc., or its agents, servants or employees in their failure to use due care in the assembly, maintenance, testing, inspection, installation, and/or repair of said motorcycle and/or its component part(s) so that said motorcycle did not comply with existing recognized standards for safe use.

60. Said Defendant is liable for the acts and omissions of its agents, servants and/or employees.

61. As a result of Defendant's aforementioned negligence, Plaintiff, Steven Lantini, did suffer severe personal injuries, was unable to conduct his regular activities, was compelled to expend a great sum of time and money for hospital and medical treatment, and has otherwise been greatly injured and damnified.

**WHEREFORE,** Plaintiff, Steven Lantini, demands judgment against the Defendant, Scott Hyman, in an amount sufficient to compensate him for his damages, plus interest and costs. The said amount is sufficient to establish the jurisdiction of this Honorable Court.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Plaintiff Steven Lantini,
By his attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)

**COUNT VIII.**

62. Plaintiff hereby realleges paragraphs one through sixty one of the Complaint as if set forth in full.

63. On or about July 13, 2003, Plaintiff, Steven Lantini, was operating a Big Dog Motorcycle on Route 495, at approximately 4:00 p.m., in the State of Massachusetts.

64. On the aforementioned date, Plaintiff, Steven Lantini, suffered an injury when he was hit by a bolt from the Big Dog Motorcycle, which was part of a bracket attached to the motorcycle.

65. The entity responsible for the sale of the abovementioned motorcycle, Defendant, Wayne's Bigdog Motorcycle Center, Inc. negligently breached its implied warranty of merchantability of said motorcycle.

66. Plaintiff, Steven Lantini's injuries, as a result of the incident in question, were a direct and proximate result of Defendant, Wayne's Bigdog Motorcycle Center, Inc.'s, breach of its implied warranty of merchantability of said motorcycle.

67. As a result of Defendant's breach of its implied warranty of merchantability of said motorcycle Plaintiff, Steven Lantini, did suffer severe personal injuries, was unable to conduct his regular activities, was compelled to expend a great sum of time and money for hospital and medical treatment, and has otherwise been greatly injured and damnified.

**WHEREFORE,** Plaintiff, Steven Lantini, demands judgment against the Defendant, Wayne's Bigdog Motorcycle Center, Inc., in an amount sufficient to compensate him for his damages, plus interest and costs. The said amount is sufficient to establish the jurisdiction of this Honorable Court.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Plaintiff Steven Lantini,
By his attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)

## COUNT IX.

68. Plaintiff hereby realleges paragraphs one through sixty seven of the Complaint as if set forth in full.

69. During its normal course of business said John Doe Defendant made the component parts for said motorcycle or performed repair to said motorcycle operated by the Plaintiff and/or its component part(s).

70. Said John Doe Defendant knew or should have known the purposes for which the motorcycle and /or its component part(s) was intended.

71. On or about July 13, 2003, Plaintiff, Steven Lantini, was operating a Big Dog Motorcycle on Route 495, at approximately 4:00 p.m., in the State of Massachusetts.

72. On the aforementioned date, Plaintiff, Steven Lantini, suffered an injury when he was hit by a bolt from the Big Dog Motorcycle, which was part of a bracket attached to the motorcycle.

73. At all times referred to herein, Plaintiff was in the exercise of due care.

74. Plaintiff's aforesaid injuries were the direct and proximate result of the negligence of said John Doe Defendant which consisted of its failure to use due care in the assembly, maintenance, testing, inspection, installation, and/or repair of said motorcycle and/or its component part(s) so that said motorcycle did not comply with existing recognized standards for safe use.

75. Said Defendant is liable for the acts and omissions of its agents, servants and/or employees.

76. As a result of Defendant's negligence Plaintiff, Steven Lantini, did suffer severe personal injuries, was unable to conduct his regular activities, was compelled to expend a great sum of time and money for hospital and medical treatment, and has otherwise been greatly injured and damnified.

**WHEREFORE,** Plaintiff, Steven Lantini, demands judgment against the John Doe Defendant, in an amount sufficient to compensate him for his damages, plus interest and costs. The said amount is sufficient to establish the jurisdiction of this Honorable Court.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Plaintiff Steven Lantini,
By his attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

______________________________
Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)

## COUNT X.

77. The allegations set forth in Paragraphs one through seventy seven of the amended complaint are hereby realleged and incorporated by reference.

78. On or about July 13, 2003, Plaintiff, Steven Lantini, was operating a Big Dog Motorcycle on Route 495, at approximately 4:00 p.m., in the State of Massachusetts.

79. On the aforementioned date, Plaintiff did suffer multiple injuries when he was hit by a bolt from the Big Dog Motorcycle, which was part of a bracket attached to the Motorcycle.

80. The entity responsible for the manufacture and construction of the abovementioned defective parts, John Doe Defendant, manufactured and constructed said parts for said motorcycle in a defective condition, which was unreasonably dangerous to Plaintiff, Steven Lantini.

81. Plaintiff's injuries as a result of the incident were a direct and proximate result of Defendant, John Doe's, manufacturing of said motorcycle parts in a defective condition which was unreasonably dangerous to the Plaintiff.

82. As a result of Defendant's manufacturing and constructing of said motorcycle parts in an unreasonably dangerous condition, Plaintiff, Steven Lantini, did suffer severe personal injuries, was unable to conduct his regular activities, was compelled to expend a great sum of time and money for hospital and medical treatment, and has otherwise been great injured and damnified.

**WHEREFORE**, Plaintiff, Steven Lantini, demands judgment against the Defendant, John Doe, in an amount sufficient to compensate him for his damages, plus interest and costs. The said amount is sufficient to establish the jurisdiction of this Honorable Court.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Plaintiff Steven Lantini,
By his attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)

**COUNT XI.**

83. Plaintiff hereby realleges paragraphs one through eighty two of the complaint as if set forth in full.

84. On or about July 13, 2003, Plaintiff, Steven Lantini, was operating a Big Dog Motorcycle on Route 495, at approximately 4:00 p.m., in the State of Massachusetts.

85. On the aforementioned date, Plaintiff, Steven Lantini, suffered an injury when he was hit by a bolt from the Big Dog Motorcycle, which was part of a bracket attached to the motorcycle.

86. The entity responsible for the manufacture and construction of the abovementioned motorcycle parts, Defendant John Doe, negligently breached its implied warranty of merchantability of said motorcycle.

87. Plaintiff, Steven Lantini's injuries, as a result of the incident in question, were a direct and proximate result of Defendant, John Doe's, breach of its implied warranty of merchantability of said motorcycle parts.

88. As a result of Defendant's breach of its implied warranty of merchantability of said motorcycle parts Plaintiff, Steven Lantini, did suffer severe personal injuries, was unable to conduct his regular activities, was compelled to expend a great sum of time and money for hospital and medical treatment, and has otherwise been greatly injured and damnified.

**WHEREFORE,** Plaintiff, Steven Lantini, demands judgment against the Defendant, John Doe, in an amount sufficient to compensate him for his damages, plus interest and costs. The said amount is sufficient to establish the jurisdiction of this Honorable Court.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Plaintiff Steven Lantini,
By his attorneys
Rappoport, DeGiovanni & Caslowitz, Inc.,

______________________________

Sonja L. Deyoe #6301
989 Waterman Avenue
East Providence, RI 02914
(401) 437-3000
(401) 437-3037 (Fax)

DATED: ____/____/_______