UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STEVEN LANTINI | : | |
| | : | |
| VS. | : | C.A. No.: 05-059ML |
| | : | |
| BIG DOG MOTORCYCLE, LLC | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO AMEND AND REMAND TO STATE COURT**

The defendant, Big Dog Motorcycle, LLC, objects to the plaintiff's motion to amend and remand to the State Court. The grounds for the defendant's objection are set forth in the accompanying memorandum of law.

Respectfully submitted,

Paul V. Reynolds, Esquire (#0966)
Reynolds, DeMarco & Boland, Ltd.
170 Westminster Street, Suite 200
Providence, RI 02903
(401) 861-5522
Fax: (401) 331-4861

CERTIFICATION

I hereby certify that on this 29th day of August, 2005, I mailed a copy of the within to Ronald L. Bonin, Esquire, Moretti & Perlow Law Offices, 1070 Reservoir Avenue, Cranston, RI 02910 and Sonja L. Deyoe, Esquire, Rappoport, DeGiovanni & Caslowitz, Inc., 989 Waterman Avenue, East Providence, RI 02914.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STEVEN LANTINI | : | |
| | : | |
| VS. | : | C.A. No.: 05-059ML |
| | : | |
| BIG DOG MOTORCYCLE, LLC | : | |

**DEFENDANT, BIG DOG MOTORCYCLE, LLC'S, MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S MOTION TO AMEND AND REMAND TO STATE COURT**

In January of 2005, the plaintiff filed an action in the Providence County Superior Court alleging injuries arising out of an incident that occurred on July 13, 2003. The only defendant in the suit filed in the Superior Court was Big Dog Motorcycle, LLC. The plaintiff alleged that Big Dog Motorcycle, LLC manufactured and constructed his motorcycle in a defective condition which was unreasonably dangerous or alternatively negligently manufactured and constructed said motorcycle. The defendant appropriately removed the litigation to the Federal Court. Following removal, discovery was undertaken by the parties. This Court held a Rule 16 conference on May 17, 2005 after which an appropriate order was issued regarding the timeframe for expert designation and disclosure as well as the closing of discovery and filing of pretrial memoranda.

During the course of discovery interrogatories were answered by the plaintiff. In particular, Interrogatory No. 11 asked Mr. Lantini for a list of the repairs performed on his motorcycle from the date he purchased it to the date of his alleged accident providing the name and address of the person, firm or corporation performing the repairs and a description of the repairs. In response to that interrogatory, Mr. Lantini answered ***none***. After receiving the answers, Big Dog Motorcycle, in furtherance of its discovery obligations, provided to plaintiff's counsel records that it had accumulated concerning repairs performed on Mr. Lantini's

motorcycle from the time of the sale to him up to the date of the incident in question. Counsel for the plaintiff was advised at that time that if they were operating under the assumption that Mr. Lantini's answer to interrogatory was correct in that the motorcycle on the date of the incident was in exactly the same condition it was in at the time it was sold that they were being misled. There was never any suggestion or representation that Big Dog Motorcycle was contending that any of the entities that worked on Mr. Lantini's motorcycle were responsible for the incident he described in his complaint. Counsel's representations in the memo are incorrect.

The plaintiff's motion to file an amended complaint should be denied since the obvious effect of the requested amendment would be to divest this Court of jurisdiction. Of the parties sought to be added by the plaintiff's proposed amended complaint, Cycle Performance and Sales, LLC, A. Dorazio Service, Inc. and Wayne's Big Dog Motorcycle, Inc. are alleged to be Rhode Island Corporations. The inclusion of these parties would divest the Court of jurisdiction since there would no longer be diversity. While amendments to pleadings in a removed case are allowed, an amendment that has the effect of ousting the Court of its jurisdiction normally will not be permitted. *6 Wright & Miller* § 3738.

In *Lopez v. General Motors Corporation*, 697 F.2d 1328 (USCA., 9th Cir., 1983), a similar situation was presented to the Court. The plaintiff, Lopez, had filed a products liability claim against General Motors in the State Court in California. The case was appropriately removed to the Federal Court. While motions to dismiss were pending in the Federal Court and in fact four days prior to the hearing on a motion to dismiss, the plaintiff filed a motion for leave to file an amended complaint adding additional parties among them the California corporation who was the dealer that sold the vehicle involved to the plaintiff along with other California defendants. The plaintiff also, as in this case, asked that if that motion was granted the case be

remanded to the Superior Court on the grounds that diversity would no longer exist. The plaintiff's motions were denied. The Court, in commenting on the denial of the plaintiff's motion to amend, said the following at p. 1332.

> **"As we said in *Grigg v. Southern Pacific Co., supra*: '(counsel) never attempted to identify or charge a Doe until he found he was in trouble – his case was going to a court where he preferred not to go.'"**

Further on, the Court, in referring to another previous case, quoted the following:

> **"where a case has been properly removed, jurisdiction over it will not be defeated by later changes or developments in the suit, such as changes in citizenship, in parties, in the amount involved or in the cause of action pleaded."** Internal citations omitted.

*Lopez* made specific reference to the provisions of Rule 19 on joinder emphasizing that under that rule joinder will not be allowed where it would deprive the Court of jurisdiction. Rule 19 is pertinent only to situations of indispensable parties. The Court specifically stated that the dealer and the other California defendants were not indispensable parties, that their absence would not prevent complete relief from being accorded between the parties namely, the plaintiff and General Motors and that the plaintiff's claim against the other defendants would still be viable. That language is equally appropriate to this case.

The plaintiff's complaint alleges that Big Dog either defectively under strict liability or negligently manufactured and constructed this motorcycle. That is the claim. The dealer who sold the bike and any parties who worked on it are not indispensable parties to the resolution of the issues between Mr. Lantini and Big Dog Motorcycle, LLC. They may be witnesses but they are not indispensable parties. See also *Jacks v. The Torrington Company, Inc.*, 256 F. Supp. 282 (USDC DSC 1966), *Hood v. The Security Bank of Huntington*, 562 F. Supp. 749 (USDC S.D. Ohio 1983) and *Lyster v. First Nationwide Bank Financial Corporation*, 829 F. Supp. 1163

(USDC N.D. California 1993). These cases all support the proposition that a subsequent amendment cannot defeat jurisdiction in a properly removed case.

The plaintiff cites various cases in its memorandum in support of its motion to amend. A review of those cases will disclose that they generally support the position of the defendant that the motion to amend should be denied since it would have the effect of divesting this Court of jurisdiction. In *Pacific Gas & Electric Co. v. Fiberboard Products, Inc.*, 116 F. Supp. 377 (USDC N.D. California 1953), the Court denied plaintiff's motion to amend since it would have the effect of divesting the Court of jurisdiction. The Court pointed to prejudice that would inure to the defendant, Fiberboard Productions, since its statutory right of removal would be abrogated should the Court allow the amendment.

*Thorp v. Petrola*, 81 F.R.D. 513 (USDC N.D. West Virginia 1979), also cited by the plaintiff, refused an amendment adding a party which would have divested the Court of jurisdiction. After removal, the plaintiff moved the Federal Court to allow an amendment to the complaint to add a party that had been dismissed by the State Court and then to remand the case back to the State Court because diversity would be lacking. The Court, in its analysis, felt that Rule 19, rather than Rule 15, governed. The Court referenced the provisions of Rule 19 which specifically says that joinder cannot deprive the Court of jurisdiction. The Court declined to allow the amendment and stated in part:

> **"if the Court were to allow the adding or dropping of parties pursuant to a motion under Rule 15, which would deprive the Court of subject matter jurisdiction, the policy of Rules 19, 20 and 21 would be emasculated merely by ignoring it. Plaintiff could then oust the Court of jurisdiction and deprive the removing defendant of his right to a federal forum by adding a non-diverse defendant at any time before trial. *Pacific Gas & Electric Company v. Fiberboard Products*, 116 F. Supp. 377 (N.D. CAL 1953)."**

The plaintiff, on p. 3 of his memorandum in support of his motion to amend, references Rule 24. This appears to be a typographical error. The language referred to is clearly from Rule 19(b).

The plaintiff cites what is Rule 19(b) in support of the motion to amend. Reference is made to factors set forth in the rule. These factors are not in the rule to consider whether a motion to amend should be granted they are factors to be considered as to whether the case should be dismissed because the party that cannot be added because of jurisdictional problems is an indispensable party. There is no suggestion or showing that the dealers or repair facilities sought to be added by the plaintiff's amended complaint are indispensable parties. As set forth above, the allegations are that the manufacturer defectively manufactured the bike or negligently manufactured the bike and the presence of the additional parties are not indispensable and not necessary to the adjudication of that claim.

Based on the foregoing, the defendant, Big Dog Motorcycle, LLC, respectfully requests that the Court deny the plaintiff's motion to amend and to remand this case to the State Court.

Respectfully submitted,

Paul V. Reynolds, Esquire (#0966)
Reynolds, DeMarco & Boland, Ltd.
170 Westminster Street, Suite 200
Providence, RI 02903
(401) 861-5522
Fax: (401) 331-4861

CERTIFICATION

I hereby certify that on this 29th day of August, 2005, I mailed a copy of the within to Ronald L. Bonin, Esquire, Moretti & Perlow Law Offices, 1070 Reservoir Avenue, Cranston, RI 02910 and Sonja L. Deyoe, Esquire, Rappoport, DeGiovanni & Caslowitz, Inc., 989 Waterman Avenue, East Providence, RI 02914.

Rachel Osborne